| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Joey DeLeon, Esq. (CA Bar No. 150974)<br>3501 Jamboree Road, North Tower, 4th Floor<br>Newport Beach, CA 92660<br>Phone: (949) 509-4231 Fax: (949) 725-0619<br>☐ *Individual appearing without counsel*<br>■ *Attorney for: Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>**CATALINA ORTIZ,** Debtor(s) | CHAPTER: **13**<br><br>CASE NO.: **2:09-bk-18884 VK**<br><br>DATE: **6/29/2009**<br>TIME: **2:00 p.m.**<br>CTRM: **1675**<br>FLOOR: **16** |
|---|---|

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: Downey Savings and Loan Association, F.A.)
### (Real Property)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any) ("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:** ☒ 255 East Temple Street, Los Angeles ☐ 411 West Fourth Street, Santa Ana
   ☐ 21041 Burbank Boulevard, Woodland Hills ☐ 1415 State Street, Santa Barbara
   ☐ 3420 Twelfth Street, Riverside

3. a. ■ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

      ☐ at the hearing ☐ at least _____ court days before the hearing.

      (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

      (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

      (3) ☐ A Motion for Order Shortening time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's office to obtain a copy of an approved court form for use in preparing your response (*Optional Court Form F 4001-1M.RES*), or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: June 8, 2009

_____
*Print Law Firm Name (if applicable)*

**Ms. Joey DeLeon, Esq.**      */s/ Joey DeLeon*
*Print Name of Individual Movant or Attorney for Movant*      *Signature of Individual Movant or Attorney for Movant*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*      **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| **CATALINA ORTIZ,** Debtor(s). | | CASE NO.: 2:09-bk-18884 VK |

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## (MOVANT: Downey Savings and Loan Association, F.A.)

1. **The Property at issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

    *Street Address*:     **10146 Pounds Avenue, Whittier, CA**
    *Apartment/Suite no.:*
    *City, State, Zip Code:*

    Legal description or document recording number (including county of recording): **Downey's Deed of Trust was recorded 9/15/2005 as Document No. 05 2227467 in Los Angeles County, California:**

    ☒ See attached continuation page.

2. **Case History:**
    a. ☒ A voluntary ☐ An involuntary petition under Chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13
       was filed on **04/16/2009**
    b. ☐ An Order of Conversion to Chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on:
    c. ☐ Plan was confirmed on *(specify date)*:
    d. ☒ Other bankruptcy cases affecting this Property have been pending within the past two years. See Attached Declaration.

3. **Grounds for Relief from Stay:**
    a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:
        (1) ☒ Movant's interest in the Property is not adequately protected.
            (a) ☒ Movant's interest in the collateral is not protected by an adequate equity cushion.
            (b) ☒ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.
            (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).
            (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.
        (2) ☒ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
            (a) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
            (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.
            (c) ☐ Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.
            (d) ☒ Other (See attached continuation page).

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*  **F 4001-1M.RP**

| In re | (SHORT TITLE) | **CHAPTER:** 13 |
|---|---|---|
| **CATALINA ORTIZ,** Debtor(s). | | **CASE NO.:** 2:09-bk-18884 VK |

    (3) ☐ (Chapter 12 or 13 cases only)

        ☐ Postconfirmation plan payments have not been made to the Standing Trustee.

        ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.

    (4) ☒ For other cause for relief from stay,

        ☒ Property taxes have not been paid for **2007-08 and 2008-09**

        ☒ See attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. §362(d)(4), Debtor's(s') filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☒ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion **MUST** be attached hereto.)*

    a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

    b. ☐ Other Declaration(s) are also attached in support of this Motion.

    c. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached.

    d. ☒ Other evidence *(specify)*: Authenticated copies of Exhibits referenced in attached Declaration(s).

6. ☒ An optional Memorandum of Points and Authorities is attached to this Motion.

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1. Relief from the Stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration(s).

3. ☒ Additional provisions requested:

    a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    b. ☒ That the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

    c. ☒ That Extraordinary Relief be granted as set forth in the Attachment (attach *Optional Court Form F 4001-M.ER*).

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 4001-1M.RP**

| In re (SHORT TITLE) | **CHAPTER: 13** |
|---|---|
| **CATALINA ORTIZ,** Debtor(s). | **CASE NO.: 2:09-bk-18884 VK** |

  d. ☐ For other relief requested, see attached continuation page.

4. If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: June 8, 2009

Respectfully submitted,

**Downey Savings and Loan Association, F.A**.
*Movant Name*

*Firm Name of Attorney for Movant (if applicable)*

By: */s/ Joey DeLeon*
    *Signature*

Name: **Ms. Joey DeLeon, Esq**.
    *Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*  **F 4001-1M.RP**

**ATTACHMENT**
**(MOVANT: DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.)**
**(This is a continuation page for paragraphs 2.d., 3.a.(2)(d), 3.a.(4), and 6 of Motion)**

**I.**

**THIS CASE IS NOT FILED IN GOOD FAITH AND IS PART OF A SCHEME TO DELAY, HINDER, AND DEFRAUD CREDITORS.**

This is the **third** Bankruptcy case filed by Debtor:

**(1)** Debtor filed her first Chapter 13 case number LA 07-16528-VK on 7/31/2007, which case was dismissed on or about 11/1/2007 due to the Debtor's failure to file her Schedules and Plan (a true and correct copy of the dismissal order is attached as **Exhibit "D"** hereto.

**(2)** Debtor filed her second Chapter 13 Bankruptcy case number LA-07-20381-VK on 11/9/2007. As a result of the Debtor's failure to make post-petition payments in said case, Downey obtained an adequate protection order in said case, and was ultimately granted relief from stay due to Debtor's failure to comply with the terms thereof (true and correct copies of the adequate protection order entered 10/16/2008, and the Order granting relief from stay entered 1/15/2009, are attached as **Exhibits "E" and "F"** hereto), and the case was dismissed on 3/2/2009 (a true and correct copy of the dismissal order is attached as **Exhibit "G"** hereto).

**(3)** Debtor filed the within third case on 4/16/2009. *Downey requests that the Court take judicial notices of the documents and records filed in the within and two prior cases referenced above in support of Downey's Motion in this case.*

Debtor filed this third case to circumvent the Court's two orders entered in the prior case (which are expressly binding in the within case pursuant to paragraph 11(c) of the adequate protection order attached as Exhibit "E"), and to hinder and delay Downey's foreclosure sale, so that Debtor can have the continued use of the Property while paying nothing therefore and deprive Downey of rightful recourse to its collateral. Bankruptcy Code §362(d)(4) provides that if a case

involves multiple bankruptcy filings affecting real property, the case is deemed to be part of a scheme to delay, hinder, and defraud creditors.

"(d) On request of a party in interest, and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either –
(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
(B) multiple bankruptcy filings affecting such real property."

11 U.S.C. §362(d)(4).

Based on the facts of this case, this case is not filed in good faith, and is part of a scheme to delay, hinder, and defraud creditors, warranting the granting of in rem relief from stay pursuant to 11 U.S.C. §362(d)(4).

## II.

## NO STAY ARISES AS TO DOWNEY IN THIS CASE

Paragraph 11(c) of the adequate protection order (**Exhibit "E"** hereto) specifically provides that the terms thereof are binding in any subsequent cases filed by Debtor. Therefore, the adequate protection order, and the resulting order granting relief from stay obtained by Downey as a result of Debtor's failure to comply with the terms thereof, are both binding in the within case, and no stay arises as to Downey in this third case.

Dated: June 8, 2009  /s/ Joey DeLeon
Joey DeLeon, Attorney for Downey Savings and Loan Association, F.A.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California
**Revised May 2004**                                                                                                                 **4001-1M.RP**

| In re (SHORT TITLE) | CHAPTER: 13 |
|---|---|
| **CATALINA ORTIZ,** Debtor(s). | CASE NO.: 2:09-bk-18884 VK |

### (*OPTIONAL*)
### EXTRAORDINARY RELIEF ATTACHMENT
### (MOVANT: DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.)
*(This Attachment is the continuation page for paragraph 3.c. of the prayer of the Relief from Stay Motion)*

Based upon evidence of efforts by Debtor(s) or others acting in concert with Debtor(s) to delay, hinder or defraud Movant by abusive bankruptcy filings or otherwise, Movant also asks that the Order include the following provisions:

1. ☒ That the Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor(s) for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property

2. ☒ That the Order be binding and effective in any bankruptcy case commenced by or against any successors, transferees, or assignees of the above-named Debtor(s) for a period of 180 days from the hearing of this Motion.
   ☒ without further notice.
   ☐ upon recording a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

3. ☒ That the Order be binding and effective in any bankruptcy case commenced by or against any Debtor(s) who claim(s) any interest in the Property for a period of 180 days from the hearing of this Motion.
   ☒ without further notice.
   ☐ upon recording a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

4. ☒ That the Order be binding and effective in any future bankruptcy case, no matter who the debtor(s) may be.
   ☒ without further notice.
   ☐ upon recording a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

5. ☒ That the Debtor(s) be enjoined from transferring all or any portion of the Property for a period of 180 days from the hearing of this Motion, and any transfer in violation of this Order be deemed void.

6. ☒ That the Sheriff or Marshal may evict the Debtor(s) and any other occupant from the subject Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this Motion.
   ☒ without further notice.
   ☐ upon recording a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

7. ☒ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:
   ☐ transfer of all or part ownership of, or interest in, the Property without the consent of the secured creditor or court approval
   ☒ multiple bankruptcy filings affecting the Property.
   If recorded in compliance with applicable state law governing notices of interest or liens in the Property, the Order is binding and effective under 11 U.S.C. §362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of the Order (except that a debtor in a subsequent bankruptcy case may move for relief from the Order based upon changed circumstances or for good cause shown, after notice and a hearing), and any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of the Order for recording.

8. ☐ Other *(specify)*:

*Revised May 2004*  **F 4001-1M.ER**
This form is OPTIONAL TO THE JUDGE and may only be used if the judge to whom the case has been assigned allows such extraordinary relief to be requested by motion. Many judges require the filing of an adversary proceeding to obtain some or all of these forms of relief.

| In re | (SHORT TITLE) | **CHAPTER:** 13 |
|---|---|---|
| **CATALINA ORTIZ,** Debtor(s). | | **CASE NO.:** 2:09-bk-18884 VK |

# REAL PROPERTY DECLARATION
## (MOVANT: Downey Savings and Loan Association, F.A.)

I, _____**Tammie Denson**_____, declare as follows:
*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real Property that is the subject of this Motion ("Property") because *(specify)*:

   ☐ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ■ I am employed by Movant as *(state title and capacity)*: **Bankruptcy and Foreclosure Section Manager**

   ☐ Other *(specify):*

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a. The address of the real property that is the subject of this Motion is:
   *Street Address:* **10146 Pounds Avenue, Whittier, CA**
   *Apartment/Suite no.:*
   *City, State, Zip Code*:

   b. The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is:

   ☒ See attached page.

4. Type of property: *(Check all applicable boxes)*
   a. ☒ Debtor's(s') principal residence      b. ☐ Other single family residence
   c. ☐ Multi-unit residential                 d. ☐ Commercial
   e. ☐ Industrial                              f. ☐ Vacant land
   g. ☐ Other *(specify)*:

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*   **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| **CATALINA ORTIZ,** Debtor(s). | | CASE NO.: 2:09-bk-18884 VK |

5. Nature of Debtor's interest in the Property:
    a. ☒ Sole owner
    b. ☐ Co-owner(s) *(specify)*:
    c. ☐ Lien holder *(specify)*:
    d. ☐ Other *(specify)*:
    e. ☒ Debtor(s)  ☒ did  ☐ did not  list the Property in the Schedules filed in this case.
    f. ☒ Debtor(s) acquired the interest in the Property by  ☒ grant deed  ☐ quitclaim deed  ☐ trust deed

    The deed was recorded on: **9/15/2005**

6. Amount of Movant's claim with respect to the Property:

    |   |   | PREPETITION | POSTPETITION | TOTAL |
    |---|---|---|---|---|
    | a. | Principal: | $476,832.69 | $ | $476,832.69 |
    | b. | Accrued Interest: | $ 50,996.59 | $2,568.03 | $ 53,564.62 |
    | c. | Late Charges: | $ 1,785.57 | $ 218.16 | $ 2,003.73 |
    | d. | Costs (Attorney's Fees, Other Costs): | $ 11,592.48 | $ | $ 11,592.48 |
    | e. | Advances (Property Taxes, Insurance): | $ 5,283.37 | $ | $ 5,283.37 |
    | f. | TOTAL CLAIM as of **5/20/2009**: | $546,490.70 | $2,786.19 | $549,276.89 |

    g. ☐ Loan is all due and payable because it matured on *(specify date)*:

7. Movant holds a ☒ deed of trust  ☐ judgment lien ☐ other *(specify)* that encumbers the Property.
    a. A true and correct copy of the document as recorded is attached as **Exhibit "A" (Deed of Trust).**
    b. A true and correct copy of the promissory note or other document evidencing Movant's claim is attached as **Exhibit "B" (Note).**
    c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as **Exhibit "__"**

8. Status of Movant's claim relating to the Property  *(fill in all applicable information requested below)*:

    a. Current interest rate: **5.503%**
    b. Contractual maturity date: **10/1/2035**
    c. Amount of current monthly payment: **$1,818.04**
    d. Number of PREPETITION payments that have come due and were not made: **18**  Total amount: **$32,988.21** (11/07-4/09)
    e. Number of POSTPETITION payments that have come due and were not made: **2**  Total amount: **$3,745.16** (5/09-6/09)
    f. Date of POSTPETITION default: **5/1/2009**
    g. Last payment received on the following date: **12/15/2008** (applied to 10/01/07 contractual payment)
    h. Notice of default recorded on the following date: **4/3/2007**
    i. Notice of sale recorded on the following date: **1/22/2009**
    j. Foreclosure sale originally scheduled for the following date: **2/18/2009**
    k. Foreclosure sale currently scheduled for the following date: **6/18/2009**
    l. Foreclosure sale already held on the following date: **N/A**
    m. Trustee's deed on sale already recorded on the following date: **N/A**
    n. Future payments due by time of anticipated hearing date *(if applicable)*:
       An additional payment of **$1,818.04** will come due on **7/1/2009,** and on the **1st** day of each month thereafter. If the payment is not received by the **16th** **day** of the month, a late charge of **$109.08** will be charged to the loan.

9. **[ ]** Attached hereto as **Exhibit ""** is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*  **F 4001-1M.RP**

10. ☐ *(CHAPTER 7 AND 11 CASES ONLY):* The fair market value of the entire Property is $_____, established by:
    a. ☐ Appraiser's declaration with appraisal attached herewith as Exhibit "__"
    b. ☐ A real estate broker or other expert's declaration regarding value attached as Exhibit _____.
    c. ☐ A true and correct copy of relevant portion(s) of Debtor's(s') Schedules (Schedule A attached as **Exhibit "___")**.
    d. ☐ Other *(specify)*: Debtor intends to surrender the Property (see Chapter 13 Plan filed as **Exhibit "___"** hereto)
11. ☐ The fair market value of the Property is declining based on/due to: _____.
12. ☐ **Calculation of equity in Property**:
    a. Based upon ☐ preliminary title report ☐ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

    | | **Name of Holder** | **Amount as Scheduled by Debtor(s) (if any)** | **Amount Known to Declarant and Source** |
    |---|---|---|---|
    | 1st Deed of Trust: | | | |
    | 2nd Deed of Trust: | | | |
    | 3rd Deed of Trust: | | | |
    | Judgment Liens: | | | |
    | Taxes: | | | |
    | Other: | | | |
    | **TOTAL DEBT: $** | | | |

    b. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached and consists of:
        ☐ Preliminary title report **(Exhibit "___")**
        ☐ Relevant portions of Debtor's(s') Schedules as filed in this case (Schedule D attached as **Exhibit "___"**)
        ☐ Other *(specify)*: Tax print out attached as **Exhibit "___"**
    c. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $_____ (§ 362(d)(2)(A)).
    d. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $_____ (§ 362(d)(1)).
    e. Estimated costs of sale: $_____ (Estimate based upon 8% of estimated gross sales price).

13. ☒ *(CHAPTER 12 AND 13 CASES ONLY):* Chapter 12 or 13 case status information:

    a. 341(a) Meeting currently scheduled for (or concluded on) the following date: **5/19/2009**
       Confirmation hearing currently scheduled for (or concluded on) the following date: **6/24/2009**
       Plan confirmed on the following date *(if applicable)*:

    b. Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

       (Number of) __2__ payment(s) due at $1,818.04 each  =  $3,636.08 (5/09 – 6/09)
       (Number of) _____ payment(s) due at $_____ each  =  $_____
       (Number of) __1__ late charge(s) at  $ 109.08 each  =  $ 109.08
       (Number of) _____ late charge(s) at  $_____ each  =  $_____

    c. Postpetition/preconfirmation advances or other charges due but unpaid          $ _____
       (See attachment for details of types and amount)

    **TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY: $3,745.16**
    **(As of the date of this Motion, not including any future payments to come due as of hearing date)**

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*  F 4001-1M.RP

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| **CATALINA ORTIZ,** Debtor(s). | | CASE NO.: 2:09-bk-18884 VK |

d. Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation (*if applicable*):

   *(Number of)* _____ payment(s) due at $_____ each   =   $_____
   *(Number of)* _____ payment(s) due at $_____ each   =   $_____
   *(Number of)* _____ late charge(s) at  $_____ each   =   $_____
   *(Number of)* _____ late charge(s) at  $_____ each   =   $_____

e. Postconfirmation advances or other charges due but unpaid                   $_____
   (See attachment for details of types and amount)

**TOTAL POSTCONFIRMATION DELINQUENCY:   $_____**
**(As of the date of this Motion, not including any future payments to come due as of hearing date)**

f. ☐ The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit "__".

g. ☐ See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(Attach Court Form 4001-1M.13).*

14. ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan, and Downey made a post-petition advance for insurance of **$\* on \*.**

    ☒ According to information of public record available to Downey; (a) Debtor did not pay real estate taxes for **2006-07** tax year, and Downey advanced **$5,283.37** for such taxes on 3/30/2007, and (b) Debtor has not paid real estate taxes for **2007-08 and 2008-09** tax years, aggregating **$14,243.18** (see tax print out attached as **Exhibit "C"** hereto).

15. ☐ The court determined that the Property qualifies as single asset real estate on _____. More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. §362(d)(3).

16. ☒ See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17. ☒ The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☒ Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:
       1. Case Name: **In re Catalina Ortiz**
          Case Number:    **LA 07-16528 VK**        Chapter: **13**
          Date Filed:   **7/31/2007**              Date Dismissed: **11/1/2007**     Date Discharged: N/A
          Relief from stay re this property ☒ was not  ☐ was granted per Order entered ___ (see Exhibit "__" hereto)
       2. Case Name: **In re Catalina Ortiz**
          Case Number:  **LA 07-20381 VK**         Chapter: **13**
          Date Filed:  **11/9/2007**               Date Dismissed: **3/2/2009**      Date Discharged: N/A
          Relief from stay re this property ☐ was not ☒ was granted per **Order entered 1/15/2009** (see **Exhibit "F"** hereto).
       3. ☐ See attached continuation page for more information about other cases affecting the Property.

    ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                           F 4001-1M.RP

| In re (SHORT TITLE) | CHAPTER: 13 |
|---|---|
| CATALINA ORTIZ, Debtor(s). | CASE NO.: 2:09-bk-18884 VK |

18. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.
   a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.
   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.
   c. ☐ For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on June 2, 2009, at** *(city, state)* **Newport Beach, California.**

__Tammie Denson__
*Print Declarant's Name*

*/s/ Denson*
*Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 4001-1M.RP

**ATTACHMENT**
**(MOVANT: DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.)**
**(This is the supplement to the form Declaration referenced in paragraph 5.b. of the Motion and 16.c. of the form Declaration)**

18. According to information of public record available to Downey, this is the **third** Bankruptcy case filed by Debtor: **(a)** Debtor's first Chapter 13 bankruptcy case number LA 07-16528-VK was filed on 7/31/2007, and dismissed on 11/1/2007 (a true and correct copy of the dismissal order is attached as **Exhibit "D"** hereto; **(b)** Debtor's second Chapter 13 bankruptcy case number LA-07-20381-VK was filed on 11/9/2007. Downey obtained an adequate protection order in said case, and was granted relief from stay due to Debtor's failure to comply with the terms thereof (true and correct copies of the adequate protection order entered 10/16/2008, and the Order granting relief from stay entered 1/15/2009, are attached as **Exhibits "E" and "F"** hereto), and the case was dismissed on 3/2/2009 (a true and correct copy of the dismissal order is attached as **Exhibit "G"** hereto). **(c)** Debtor filed the within third case on 4/16/2009.

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| **CATALINA ORTIZ,** Debtor(s). | | CASE NO.: 2:09-bk-18884 VK |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3501 Jamboree Road, North Tower, 4th Floor, Newport Beach, CA 92660.**

The foregoing document described **"Notice of Motion and Motion for Relief from the Automatic Stay under 11 U.S.C. §362 (Real Property)"** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 8, 2009**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
- Nancy K Curry    ecfnc@trustee13.com
- Matthew D Resnik    matt@resniklaw.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On **June 8, 2009,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*
*(Served via U.S. Mail):*
CATALINA ORTIZ 10146 Pounds Avenue, Whittier, CA 90603
United States Trustee 725 South Figueroa Street, 26th Floor, Los Angeles, CA 90017
Chase Home Finance - OHI-1277, Columbus, OH 43218-2223
Los Angeles County Tax Collector, P.O. Box 54110, Los Angeles, CA 90054-0018
Capital One Auto Finance Department, P.O. Box 201347, Arlington, TX 76006

Honorable V. Kaufman, Suite 1682
U.S. Bankruptcy Court – Los Angeles Division
255 E. Temple Street, Los Angeles, CA 90012-3332

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 8, 2009 | Stephanie Dodge | */s/ Stephanie Dodge* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*  **F 4001-1M.RP**

| In re | (SHORT TITLE) | **CHAPTER:** 13 |
|---|---|---|
| **CATALINA ORTIZ,** Debtor(s). | | **CASE NO.:** 2:09-bk-18884 VK |

*(OPTIONAL)*
**ATTACHMENT**
**(MOVANT: DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.)**
*(This Attachment is the continuation page for ¶ **1** of the Stay Motion & ¶ 3b of the Declaration)*

### *LEGAL DESCRIPTION*

Property Address: 10146 Pounds Avenue, Whittier, CA

LOT 132 OF TRACT NO. 18583, IN THE CITY OF WHITTIER, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 473, PAGES 49 AND 50 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET, WITHOUT THE RIGHT OF SURFACE ENTRY, AS RESERVED IN INSTRUMENTS OF RECORDED DECEMBER 26, 1952 IN BOOK 40605 PAGE 358, OFFICIAL RECORDS.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*     **F 4001-1M.RP**