Joey DeLeon, Esq. (SBN 150974)
3501 Jamboree Rd., North Tower, 4th Flr
Newport Beach, CA 92660
Telephone: (949) 509-4231
Facsimile: (949) 725-0619
Attorneys for Downey Savings

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| CATALINA ORTIZ <br><br> Debtor(s) <br><br> DOWNEY SAVINGS AND LOAN ASSOCIATION F.A., <br><br> Movant <br> v. <br> CATALINA ORTIZ, Debtor(s), and NANCY K. CURRY, Trustee <br><br> Respondents | CHAPTER: 13 <br><br> CASE NO.: 2:09-bk-18884 VK <br><br> **STIPULATION FOR ADEQUATE PROTECTION** <br><br> Hearing Date/Time: 6/29/09 @ 2:00 p.m. <br> Judge: V. Kaufman <br> Dept: 1675 |

This Stipulation is between DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A. ("Downey"), and CATALINA ORTIZ, Debtor(s) herein, and is made with reference to the following facts:

## **RECITALS**

A. Debtor(s) have an interest in real property at **10146 Pounds Avenue, Whittier, CA** (the "Property"), that is encumbered by a Note secured by First Deed of Trust in favor of Downey.

B. Debtor(s) wish to cure the post-petition delinquency that has accrued under Downey's Note and Deed of Trust.

THEREFORE, the parties hereby stipulate as follows:

**TERMS**

1. Debtor shall deliver to Downey, through its attorney of record, on or before 6/16/09, certified funds in the sum of **$1,818.04**, which shall be applied toward the **June 2009** post-petition payment.

2. Commencing July 1, 2009, and monthly thereafter, Debtor shall pay directly to Downey in certified funds all post-petition payments and applicable late charges to accrue under Downey's Note and Deed of Trust. Each payment is currently **$1,818.04** (but is subject to change), and is due on the first day of the calendar month during which the same accrues, and a late charge of **$109.08** accrues with respect to any payment not received by Downey on or before the 16th day of the month during which the same is due. Debtor shall also timely pay and perform all other post-petition obligations to accrue under Downey's Note and Deed of Trust, including the payment of real estate taxes, and the maintenance of insurance, on the Property.

3. Downey's arrearages shall be repaid in full through Debtor's Chapter 13 Plan with interest at the rate of **9.25%** per annum. The Addendum to the Chapter 13 Plan shall be deleted in its entirety, and the provisions thereof shall not be applicable to Downey, or its successors in interest. Downey shall file an amended Proof of Claim to include Downey's attorney's fees and costs incurred in the within case, which shall be repaid through Debtor's Chapter 13 Plan with interest. In addition, delinquent real estate taxes on the Property for the **2007-08** and **2008-09** tax year aggregating approximately **$14,154.20** shall also be repaid in full through Debtor's Chapter 13 Plan. This Stipulation and the Order approving the same shall constitute Debtor's motion to modify

the Plan to conform to the terms of this paragraph, and the Court's Order approving the same, and the Chapter 13 Trustee is ordered to make payments under the Plan consistent with the terms of this paragraph without the necessity of any further documents being filed or court order being issued. To the extent any conflict or ambiguity exists between the terms of the Debtor's Plan, and the terms of this Stipulation and Order, the terms of this Stipulation and Order shall control

4. Any payment to be made or notice to be given to Downey shall be delivered only to: Downey Savings and Loan Association F.A., 3501 Jamboree Road, 3rd Floor, North Tower, Newport Beach, California 92660, Attention: Foreclosure Supervisor, or at such other place as may be noticed to Debtor by Downey or its successors in interest, and shall reference loan number ******8075.

5. If Debtor(s) shall fail to make any of the payments or perform any other obligations in the time, amount, and/or manner required by this Order and/or Downey's Note and Deed of Trust, Downey shall mail notice of the default to Debtor, with a copy of the notice faxed to Debtor's attorney (if any). If the default is not wholly cured in certified funds within ten (10) days of the mailing of the notice, or upon the occurrence of the fourth or any subsequent default, Downey shall be released from the Stay provided under 11 U.S.C. §362(a) with respect to the Property without further notice, court hearing or order, and without any forbearance provided under Bankruptcy Rule 4001(a)(3). Only three (3) notices of default are required to be given by Downey. The cure of any default must contain any payment(s) that subsequently become due through the date of the cure. Downey's attorney's fees and enforcement costs are recoverable to the extent authorized by Downey's Deed of Trust and permitted by law.

6. Time is of the essence in the payment and performance of all obligations hereunder. Acceptance of any partial or late payments shall not constitute a cure of any default, and shall not prejudice or waive Downey's rights under this Order and/or its Note and Deed of Trust.

7. This Stipulation and the Order approving the same is binding in any pending and subsequent Bankruptcy cases filed by anyone claiming an interest in the Property, no matter who the debtors may be, for a period of two years from the date of entry of this Order, irrespective of the Chapter or any conversion thereof, and shall inure to the benefit of Downey, and its successors in interest.

8. This Stipulation may be executed in counterparts, and via facsimile.

DATED: June 15, 2009

/s/ *Joey DeLeon*
Joey DeLeon, Attorney for Downey Savings

DATED: June 19, 2009

/s/ *Matthew Resnik*
Matthew Resnik, Attorney for Debtor(s)

-4-